MOTOR FINANCE CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND VINCENT J. MURPHY, AS DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE, AND AS RECEIVER OF TAXES OF THE CITY OF NEWARK, DEFENDANTS.

Argued October 10, 1947—Decided October 23, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Emerson, Emory & Danzig* (*Charles Danzig* and *George K. Lasky,* of counsel).

For the defendants, *Thomas L. Parsonnet* (*Vincent J. Casale,* of counsel).

The opinion of the court was delivered by

COLIE, J.   Prosecutor is engaged in the business of dealing in and negotiating promissory notes and making and dealing in secured and unsecured loans, and it is stipulated that it comes within the provisions of chapter 174, laws of 1946, *R. S.* 54:10B–1, *et seq.,* legislatively denominated the "Financial Business Tax Law (1946)."   Section 3 of the act imposes an annual excise tax upon all financial businesses of three-fourths of one per centum upon its net worth and expressly provides that "Such tax shall also be in lieu of any state franchise tax or of any state or local taxation of, upon or measured by personal property entering into the determination of net worth."   Section 2 (c), so far as pertinent, defines "net worth" as:

"(1) in the case of a corporation—the aggregate of the values disclosed by the books of the corporation for (1) issued and outstanding capital stock, (2) paid-in or capital surplus, (3) earned surplus and undivided profits, (4) surplus reserves which can reasonably be expected to accrue to holders or owners of equitable shares, excluding reasonable valuation reserves and (5) the amount of all indebtedness owing directly or indirectly to holders of ten per centum (10%) or more of the aggregate outstanding shares of the taxpayer's capital stock of all classes, as of the close of a tax year."

Depositions were taken by rule of the court which disclosed that prosecutor in the return filed by it in accordance with section 15 of the statute included, in determining its net worth, the value of its tangible personal property owned as of October, 1946. The City of Newark assessed the tangible personal property owned by the prosecutor on the assessing date at $10,000 and levied a tax thereon of $556. The city attempts to justify this act under the purported authority of *R. S.* 54:4–1 and contends "that the tangible personal property in question is neither expressly exempted or expressly excluded from taxation" under *R. S.* 54:4–1.

The fact is, and we so find, that the value of the tangible personal property of Motor Finance Corporation is included in its "net worth" as shown on the return filed by it and therefore the municipality had no legal justification for levying the tax complained of. Any other view would render meaningless the provision in section 3 that "such tax shall also be in lieu of any  *  *  *  local taxation of, upon or measured by personal property entering into the determination of net worth."

The assessment under review is set aside, with costs to the prosecutor.